NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUAN LUIS CASTRO MIL, AKA Luis
Castro,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    19-71896

Agency No. A205-907-498

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:    CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Juan Luis Castro Mil, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo whether a petitioner has been afforded due process. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Castro Mil failed to establish that he would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (stating that an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017) (observing that there is no need to distinguish between the "one central reason" standard for asylum and the "a reason" standard for withholding of removal when there is no nexus to a protected ground). Thus, Castro Mil's asylum and withholding of removal claims fail.

The BIA did not err in deeming Castro Mil's CAT claim waived. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) ("A review of [Petitioner's] brief to the BIA confirms that he did not argue that he was entitled to

19-71896

relief under the CAT.").  Castro Mil's brief made no mention of torture and otherwise gave the BIA no reason to suspect that Castro Mil was challenging the IJ's denial of CAT protection.

In light of this disposition, we do not reach Castro Mil's remaining contentions.  *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." (quoting *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976))).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**